BROWN COUNTY v. ROCK COUNTY.

FILED APRIL 21, 1897.    No. 7236.

</div>

Counties: DIVISIONS: RIGHTS IN REAL ESTATE. In an action for the recovery of a proper proportion of the value of real property retained and used by a county from the territory of which the territory of another county has been segregated, it is no defense to show that said real property was originally conveyed by a deed with conditions, when thereafter the said property was dedicated as county property by a plat duly recorded by the grantor and as such was accepted by the county and at great expense improved by the erection thereon of county buildings.

ERROR from the district court of Brown county. Tried below before BARTOW, J.   *Affirmed.*

*J. S. Davisson, R. M. Logan,* and *Munger & Courtright,* for plaintiff in error.

*Robertson & Wighton* and *J. J. Carlin, contra.*

RYAN, C.

This action was brought in the district court of Brown county by Rock county and its board of county commissioners to recover from Brown county the alleged value of the interest of Rock county in certain real property. There was a judgment for the sum of $4,386 against the defendant, which prosecutes this proceeding in error.

It was alleged in the petition that "on the 28th day of December, A. D. 1888, the plaintiff, Rock county, was, in the manner provided by law, duly created and erected out of a portion of the territory of said Brown county as then existing." By the answer the above averments of

the petition were admitted. This admission, however, was immediately followed by the statement that "plaintiff county was a duly organized and existing county on November 6, 1888, and that plaintiff and defendant counties were divided by reason of an election held therefor on said 6th of November, 1888." By the reply the averment of the answer that Rock county was duly organized and existing on November 6, 1888, was denied. In view of this condition of the pleadings, we think it should be assumed that by the pleadings themselves it was established that Rock county was duly created and erected out of a portion of the territory of Brown county, on December 28, 1888. This disposes of some contentions made in argument based upon the assumption that Rock county was created and erected on November 6, 1888. Between themselves, the authorities of Brown and Rock counties agreed to a division of the personal assets held and debts owing by Brown county before Rock county was created out of a portion of the territory of Brown county. The matter in litigation in this case was the value of the square upon which stood the court house and jail. This square is in the territory which at present constitutes a portion of the territory of Brown county, and that county uses it, with all of its appurtenances, for county purposes. It denies, however, that it should be held to account for its proportion of the value of this real property to Rock county, for the reasons which shall now be considered.

It is insisted that Brown county does not hold a fee-simple title, and that, therefore, it should not be held liable for anything more than a nominal sum. This contention is grounded on the proposition that the conveyance of the square in question was with the express condition therein contained that "the county buildings of Brown county, such as court house, jail, etc., shall not be erected and maintained anywhere except upon these premises, and this deed shall be of no force or effect, and all right and title herein conveyed shall at once revert to the said grantors, if at any time the county seat of Brown

county shall be removed from said town of Ainsworth."
After the above mentioned conveyance had been made it
was apparently discovered that it had not been witnessed,
and subsequently, on March 8, 1887, a duly witnessed
deed was executed, which contained the provisions above
recited as existing in the first deed.   Between the dates
of the execution of these two instruments, however, the
grantor filed for record a plat of "Osborn's Second Addi-
tion to the town of Ainsworth."   In this plat the square
as to which this controversy has arisen was designated
and described as "Court House Block."   After this plat
had been filed the county of Brown built on "Court House
Block" a court house, which it is stipulated cost $9,750,
and ever since has continued without question to use said
building for the purpose for which it was erected.   Under
these circumstances the plaintiff in error cannot be per-
mitted to assert that it has no ownership of the square or
in the buildings thereon.

It is insisted that this court house was constructed
with the proceeds of bonds voted by the Ainsworth pre-
cinct to induce the location of the county seat of Brown
county within the boundaries of said precinct, and that,
therefore, Ainsworth precinct has such an interest in
the square in question that Brown county should not be
compelled to account to Rock county with respect to this
property.   There was attached to the answer the sub-
mitted proposition on which the precinct bonds were
voted, and in this proposition there was no reservation
of any equitable or other rights with respect to the im-
provements to be made with the proceeds of the bonds
proposed to be voted.   We do not say that a proposition
might or might not properly contain a condition of the
character indicated; it is sufficient for our purposes to
say there was no attempt to embody such a condition.

There was sufficient evidence to justify the finding of
the amount due Rock county on account of the real prop-
erty above indicated on the basis afforded by the statute,
and the judgment of the district court is

<div align="right">AFFIRMED.</div>